1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                       SOUTHERN DISTRICT OF CALIFORNIA

10

11   DAVID R. RUBY, Chapter 7 Trustee,          Case No.:  15cv2537-GPC (BLM)

12                              Plaintiff,       **REPORT AND RECOMMENDATION RE:
                                                MOTION TO QUASH GARNISHMENT/**
13   v.                                          **EXECUTION AND FOR ORDER
                                                DETERMINING CLAIMS OF**
14   HELEN E. RYAN and JOHN J. RYAN, JR.,        **EXEMPTION**

15                              Defendants.      **[ECF No. 17]**

16

17          This Report and Recommendation is submitted to United States District Judge Gonzalo P.

18   Curiel pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.1(c) and 72.3(f) of the United

19   States District Court for the Southern District of California.

20                     **FACTUAL AND PROCEDURAL BACKGROUND**

21          On August 12, 2013, the United States District Court, Eastern District of Virginia entered

22   a default judgment in favor of David Ruby, Chapter 7 Trustee, in the amount of $34,093.08

23   against Helen Ryan and John Ryan, Jr. jointly and severally, and in the amount of $318,431.23

against Helen E. Ryan, individually.  ECF No. 1 at 1-2; ECF No. 2 at 1; see also ECF No. 27 ("Reply") at 1.  On September 29, 2015, and October 2, 2015, David Ruby ("Judgment Creditor") requested this Court to enter abstracts of judgment, which the Court subsequently entered against Helen Ryan and John Ryan ("Judgment Debtors").  See ECF Nos. 4-5, 8-9.  On September 29, 2015, and October 2, 2015, Judgment Creditor filed writs of execution against Judgment Debtor Helen Ryan.  See ECF Nos. 3 & 7.

On October 28, 2015, Judgment Creditor filed a notice of levy for "[a]ll bank accounts owned by Helen E. Ryan and/or John J. Ryan, Jr."  ECF No. 17 ("Mot."), Exh. 1 at 2.  On November 3, 2015, Helen Ryan and Mykal Ryan, as Special Administrator for the Estate of John Ryan, each submitted a claim of exemption.  Mot., Exh. 2 at 2-3.  On November 4, 2015, U.S. Bank levied $99,622.73, and an additional $100.00 as a garnishment fee, from Helen Ryan's account ending in 4226.  See Reply, Exh. 4 at 50; see also id., Declaration of Helen Ryan at 8-10 ("Helen Ryan Decl. I"); id., Exh. 5, Declaration of Helen Ryan at 53 ("Helen Ryan Decl. II").  On November 5, 2015, Mykal Ryan, as Special Administrator for the Estate of John Ryan, and Helen Ryan filed a "Motion to Quash Garnishment/Execution and Claim Exemption."  Mot.

On November 9, 2015, Helen Ryan submitted an amended claim of exemption.  See Reply, Exh. 5.  On November 16, 2015, Judgment Creditor filed an "Opposition to Claim of Exemption" [ECF No. 21 ("Oppo. 1")], and on November 17, 2015, an "Opposition to Motion to Quash Garnishment/Execution and Claim Exemption" [ECF No. 23 ("Oppo. 2")].  On November 20, 2015, Judgment Creditor filed an "Opposition to Claim of Exemption Re US Bank

1  Funds."  ECF No. 26 ("Oppo. 3").  On November 30, 2015, Judgment Debtor Helen Ryan filed

2  an "Opposition to Garnishment of Money from Other than the Judgment Debtor."  Reply.[1]

3  ### **LEGAL STANDARD**

4      Under Federal Rule of Civil Procedure 69, a money judgment is enforced by a writ of

5  execution.   Fed. R. Civ. P. 69(a)(1).   "The procedure on execution–and in proceedings

6  supplementary to and in aid of judgment or execution–must accord with the procedure of the

7  state where the court is located, but a federal statute governs to the extent it applies."  Id.

8  Under California law, a judgment creditor may enforce a money judgment by levying the deposit

9  account of the judgment debtor and his spouse or registered domestic partner.  See California

10  Code of Civil Procedure ("CCP") §§ 699.710, 700.160.

11      After a judgment creditor levies a judgment debtor's deposit account, the judgment

12  debtor and his spouse or registered domestic partner may claim the funds levied as exempt

13  from the enforcement of a money judgment.  See CCP §§ 703.010, 703.020, 703.030.  "The

14  claim shall be made within 10 days after the date the notice of levy on the property claimed to

15  be exempt was served on the judgment debtor."  CCP §§ 703.520(a).  The exemption claimant

16  bears the burden to establish the exemption.  CCP § 703.580(b).  A claim of exemption must

17  include the following: (1) the claimant's name and mailing address; (2) the name and last known

18  address of the judgment debtor if the claimant is not the judgment debtor; (3) a description of

19

20

21

_____

22  [1]  The Court accepted on discrepancy a document that appears to be a duplicate of Judgment
    Debtor Helen Ryan's Reply, which was separately mailed to the Court.  See ECF No. 32; see also
23  Reply.

the property claimed to be exempt; (4) a financial statement if required by section 703.530[2]; (5) a citation to the provision relied upon for the exemption; and (6) a statement of the facts necessary to support the claim.  CCP § 703.520.  An opposition to a claim of exemption must include: "(a) [a]n allegation either (1) that the property is not exempt under the provision of this chapter or other statute relied upon or (2) that the equity in the property claimed to be exempt is in excess of the amount provided in the applicable exemption" and "(b) [a] statement of facts necessary to support the allegation."  CCP § 703.560.

The court should construe the exemption statutes to the benefit of the judgment debtor in order to "facilitate the debtor's financial rehabilitation" and to "shift[] social welfare costs from the community to judgment creditors."  See Ford Motor Credit Co. v. Waters, 83 Cal. Rptr. 3d 826, 830 (Super. Ct. 2008) (citation omitted); see also Kono v. Meeker, 126 Cal. Rptr. 3d 208, 211 (Ct. App. 2011).  However, "[e]xemptions under California law are wholly statutory and cannot be enlarged [or diminished] by the courts."  In re Hernandez, 483 B.R. 713, 724 (B.A.P. 9th Cir. 2012) (citing Ford Motor Credit Co., 83 Cal. Rptr. 3d at 829-30)); see also Sourcecorp, Inc. v. Shill, 142 Cal. Rptr. 3d 414, 416 (Ct. App. 2012).

## DISCUSSION

Judgment Debtor Helen Ryan and Mykal Ryan, as Special Administrator for the Estate of John Ryan, ask the Court to: (1) release the funds levied from Helen Ryan's U.S. Bank checking account ending in 4226 ("U.S. Bank account x4266"); (2) reimburse the $100.00 garnishment fee taken from U.S. Bank account x4226; and (3) quash Judgment Creditor's garnishment

---

[2]  "If property is claimed as exempt pursuant to a provision exempting property to the extent necessary for the support of the judgment debtor and the spouse and dependents of the judgment debtor, the claim of exemption shall include a financial statement."  CCP § 703.530(a).

actions against Helen Ryan and the Estate of John James Ryan.  See Mot. at 3; Reply at 4.  The Court addresses each request below.

## I.   Funds in U.S. Bank Account x4226

On November 4, 2015, Judgment Creditor David Ruby levied $99,622.73 from  Judgment Debtor Helen Ryan's U.S. Bank account x4226.  See Mot. at 3; Helen Ryan Decl. I at 9; Helen Ryan Decl. II.  Helen and Mykal Ryan claim that the funds are exempt because all the funds belong to Mykal individually and Mykal is not a judgment debtor.  See Mot. at 2-3; Reply at 1-3.  Helen and Mykal further claim that the funds are exempt because they are Mykal's social security disability, VA disability, and military retirement payments.  Mot. at 2; Reply at 2-3. Helen also states, without identifying any specific bank account, that all of the money in her bank accounts is exempt because the accounts were funded with husband "John's retired military pay, veteran's affairs disability pay[,] and social security; and Helen's public retirement pay, private retirement pay, and social security."[3] Mot. at 2.

Judgment Creditor argues that the claim of exemption fails because Judgment Debtor Helen Ryan has not established that the funds are exempt.  See Oppo. 1; Oppo. 3.  With regard to the allegations that the money belongs to Mykal, Judgment Creditor argues that because Mykal "g[a]ve" the funds to Helen Ryan by "placing them in an account standing solely in her name," the funds became non-exempt and subject to levy by Helen's creditors.  Oppo. 1 at 4-5; see also Oppo. 3 at 2-4, 6.  Judgment Creditor notes that Mykal failed to file a claim of

---

[3]  In the Reply and her declaration submitted in support of the Reply, Helen clarifies that her claim is that all of the money in U.S. Bank account x4266 belongs to Mykal, and since he is not a judgment debtor, Judgment Creditor cannot levy the money in U.S. Bank account x4266. Reply at 1-4; id., Exh. 5; Helen Ryan Decl. II.  The Court therefore will address Helen's claims regarding the exempt nature of her funds in Section III.

exemption himself, that such a claim may now be time barred, and that Mykal has not established entitlement to the claim of exemption.  See Oppo. 1 at 4-5; Oppo. 3 at 2-3, 6.  With regard to Helen's broad claim that all of her money is exempt, Judgment Creditor argues that Helen has not provided sufficient evidence to establish that any of the funds currently are exempt.  See Oppo. 1; Oppo. 2; Oppo. 3.

California Code of Civil Procedure provides a procedure for third parties, who are not judgment debtors or creditors, to make claims of exemption for property levied by a writ of execution.  See CCP §§ 688.030, 720.110.  A third party who claims ownership of levied property must file a claim with "the state department or agency that issued the notice of levy."  See CCP § 688.030(b)(1).   The third-party claim must be executed under oath and must contain the following information:

> (1) The name of the third person and an address in this state where service by mail may be made on the third person.
>
> (2) A description of the property in which an interest is claimed.
>
> (3) A description of the interest claimed, including a statement of the facts upon which the claim is based.
>
> (4) An estimate of the market value of the interest claimed.

CCP § 720.130(a).   Further, "a copy of any writing upon which the claim is based shall be attached to the third-party claim." CCP § 720.130(b).  A third-party claim must be filed with the levying officer before the officer sells the property, delivers possession of the property to the creditor, or pays proceeds of collection to the creditor.  CCP § 720.120.

Either the creditor or the third party "may petition the court for a hearing to determine the validity of the third-party claim and the proper disposition of the property that is the subject of the claim."  CCP § 720.310(a).  The third party bears the burden of proof at a hearing and

1    can meet its burden by introducing evidence that it owns the levied property.  See CCP

2    § 720.360; Whitehouse v. Six Corp., 40 Cal. App. 4th 527, 530, 535 (Ct. App. 1995).

3            After the third party claimant presents evidence that it owns the property in question, the

4    burden of proof shifts to the judgment creditor to establish that the third party's claim is invalid

5    or that the judgment creditor's claim is superior.  See Oxford St. Prop., LLC v. Rehab. Assoc.,

6    LLC, 141 Cal. Rptr. 3d 704, 712 (Ct. App. 2012) (citation omitted).  As a general rule, "a

7    judgment or levy reaches only the interest of the debtor in the property because a judgment

8    creditor can acquire no greater right in the property levied upon than that of its judgment

9    debtor."  See Regency Outdoor Advertising, Inc. v. Carolina Lanes, Inc., 37 Cal. Rptr. 2d 552,

10   556 (Ct. App. 1995); see also Oxford St. Prop., LLC , 141 Cal. Rptr. 3d at 712 ("A security interest

11   attaches only to whatever rights the debtor has in the collateral.").

12                        **a. Helen Ryan's Claim of Exemption**

13           Judgment Debtor Helen Ryan asserts in her claim of exemption filed on November 9,

14   2015, that "[a]ll the money deposited" to U.S. Bank account x4226 "belongs to her son Mykal

15   (aka Michael) Ryan," that "[t]he judgment is not against Mykal," and that "[a]ll the deposits to

16   [the account] were federal benefits paid to Mykal."  Reply, Exh. 5 at 54; see also id. at 52.  In

17   her declarations, Helen states that the levied funds can be traced to Mykal's federal benefit

18   payments, that she and her deceased husband, John Ryan, "are the sole debtors in the present

19   case," that in 2010, she opened the account to assist her disabled son Mykal with "bill paying

20   and banking," and that she did not commingle her funds with Mykal's benefit payments in the

21   account at issue.  See Helen Ryan Decl. II; Helen Ryan Decl. I at 9-10; see also Mot. at 2.

22           As such, Judgment Debtor Helen Ryan is not alleging that the funds belong to her but

23   are exempt from garnishment.  Rather, she is alleging that Judgment Creditor cannot levy the

funds because the funds belong to an innocent third party, her son Mykal.  This constitutes an improper claim of third-party exemption.  The statutory process provides a procedure for judgment debtors to claim that levied funds are exempt and a different procedure for innocent third parties to assert their right to the levied funds.  See CCP §§ 703.020, 703.030, 703.520, see also CCP §§ 688.030, 720.110, 720.120, 720.130.  The applicable statutes do not provide a procedure for judgment debtors to assert the claims of third parties.  Because "[e]xemptions under California law are wholly statutory and cannot be enlarged [or diminished] by the courts," a judgment debtor may not assert a third party claim of exemption on behalf of another person or entity.  See In re Hernandez, 483 B.R. at 724; see also Century Sur. Co., 2008 WL 2630959, at *8 (S.D. Cal. June 27, 2008) (stating that it was not appropriate to construe defendant judgment debtor's claim of exemption, which he filed on behalf of himself, as a claim made by a third party and citing Commercial & Farmers Nat'l Bank v. Hetrick, 64 Cal. App. 3d 158, 165 (Ct. App. 1976) ("[t]here is no statutory authorization for the use of third party claim procedures by named defendants in an action.")).  Because Judgment Debtor Helen Ryan's claim of exemption is an improper third party claim, the Court **RECOMMENDS** that it be **DENIED**.

### b. Mykal Ryan's Claim of Exemption

As discussed above, Helen and Mykal Ryan argue that all of the funds in Helen's U.S. Bank account x4226 belong to Mykal and are exempt because he is not a judgment debtor.  See Mot. at 1-3; Reply at 1-3.  However, Mykal did not submit a Claim of Exemption on his own behalf as required by California law.

On November 3, 2015, Mykal Ryan, as a Special Administrator of the Estate of John Ryan, filed a claim of exemption stating that he was "not the judgment debtor named in the notice of levy," that the estate "has no bank accounts and no personal property," and that the Superior

1    Court of California has jurisdiction over the estate.  Mot., Exh. 2 at 3.  On November 30, 2015,

2    Mykal filed a declaration in support of Helen's opposition to garnishment asserting that he is

3    disabled and that his mother, Helen Ryan, opened the bank account at issue in 2010 as a

4    "convenience" for him in order "to assist with bill paying and banking."  Reply at 11-13,

5    Declaration of Mykal S. Ryan ("Mykal Ryan Decl.").  Mykal also states in his declaration that "[a]ll

6    the money in [his] mother's U.S. Bank account x4226 came from federal benefit payments made

7    to [him]," that he receives monthly benefit payments for social security disability, VA disability,

8    federal retirement, and military retirement, which are electronically deposited into the account

9    at issue, and that the enumerated deposits are the only deposits made to the account.  Id. at

10   12-13.  Additionally, Mykal declares that Helen did not make or receive personal deposits into

11   the U.S. Bank account at issue, did not make personal withdrawals from the account, and did

12   not commingle any of her funds with his benefit payments.  Id. at 12.

13           Initially, the Court finds that Mykal did not submit a Claim of Exemption asserting that

14   the levied funds in U.S. Bank account x4226 belong to him.  Neither Mykal nor Helen argue that

15   Mykal filed such a claim, and there is no evidence before the Court indicating that such a claim

16   was filed.  See Mot.; Reply; see also Oppo. 1; Oppo. 2; Oppo. 3.  The only Claim of Exemption

17   submitted by Mykal was filed in his position as "Spec Admin Est of John James Ryan" and it only

18   asserts that the Estate of John Ryan does not have bank accounts or personal property.  See

19   Mot., Exh. 2 at 3.  Because there is no exemption claim made by Mykal asserting that the levied

20   funds are exempt because they belong to him, there is no basis for the Court to grant his

21   purported claim of exemption.  See CCP §§ 688.030, 720.110, 720.120, 720.130.

22           Even if the Court were to consider the merits of the arguments asserted in Mykal's

23   declaration, the claim fails because Mykal has not established that all of the levied money

belongs to him.  Mykal states in his declaration that "[a]ll of the money in my mother's U.S. Bank account x4266 came from federal benefit payments made to me."  Mykal Ryan Decl. at 12.  Mykal further asserts that his monthly benefits are electronically deposited into the account, that his mother did not make or receive any deposits to the account and did not commingle any of her money with his money in the account, that his mother's benefits payments were electronically deposited into another account (Bank of America account ending in 0912), and that his mother opened U.S. Bank account x4266 solely for his benefit because he is disabled. Id.  To support his argument, Mykal attaches a variety of documents.[4]  Reply, Exhs. 1-5.  The Court has reviewed the submitted documents and finds that they do not support Mykal's claims.

The U.S. Bank account statements for April 11, 2014, through November 12, 2015, reflect Mykal's monthly federal benefit deposits, as evidenced by the last four digits of his Social Security number "7826."  Reply, Exh. 4.  However, the statements also include deposits that do not reflect Mykal's Social Security number, and Mykal does not specifically explain the source and recipient of these deposits.  See id. (numerous pages include deposits that appear to reference Social Security numbers ending in 1993 and 9930).  Additionally, the statements show numerous withdrawals and check payments, but the amounts and descriptions are redacted, so the Court

---

[4]  Mykal submits the following five exhibits: 1) Bank of America statements addressed to Helen E. Ryan for account ending in 0912 for the period August 1, 2015 to October 31, 2015; 2) Cover sheets of court subpoenas issued to Bank of America and U.S. Bank; 3) 2014 Social Security Benefit Statement for Michael S. Ryan, Letter dated September 18, 2012 to Michael S. Ryan from the Department of Veterans Affairs indicating that a compensation rating was granted effective March 1, 2011, and a 2014 Statement of Annuity Paid from the Office of Personnel Management Retirement Operations to Mykal S. Ryan; 4) U.S. Bank statements addressed to Helen E. Ryan for account x4226 for the period April 11, 2014 to November 12, 2015 (some of the statements are not complete); and 5) an amended Claim of Exemption dated November 9, 2015, submitted by Helen Ryan with supporting documents including bank records for U.S. Bank account x4226.  Reply, Exhs. 1-5.  All of the documents are heavily redacted.

1   is unable to determine whether the funds were used only by Mykal or for his benefit.  See id.

2   The Court also notes that many of the statements are multi-page statements but Mykal only has

3   submitted the first page to the Court.  See id.

4       Finally, given the heavy redaction, the limited number of monthly statements, and the

5   large amount of levied money ($99,622.73), the Court is unable to find that all of the levied

6   funds belong to Mykal.  The beginning balance on the first statement is redacted so the Court

7   does not know how much money was in the account at that time and Mykal does not provide

8   any information regarding the existence or source of the beginning sum.  Id. at 29.  In addition,

9   the letters and forms submitted in Exhibit 3 establish that benefits were paid to Mykal, but the

10   amounts are redacted, so it is impossible to determine if they are the only source of the

11   $99,622.73.  Id., Exh. 3.  The U.S. Bank statements suffer from the same deficiency, as the

12   deposit amounts are redacted.  Id., Exh. 4.  In addition, while both Helen and Mykal state that

13   the account was solely for the benefit of Mykal, the account only reflects the name of Helen.

14   Id.

15      As a third-party exemption claimant, Mykal Ryan bears the burden to establish the

16   exemption.  See CCP § 720.360.  He has failed to satisfy this burden.  The Court finds that Mykal

17   has not properly filed a claim of exemption and has not presented sufficient evidence to establish

18   that he owns all the levied funds in the U.S. Bank account.  Accordingly, the Court

19   **RECOMMENDS** that Mykal Ryan's purported claim of exemption with respect to the funds in

20   U.S. Bank account x4226 be **DENIED.**

21   **II.**   **$100.00 Garnishment Fee**

22       Judgment Debtor Helen Ryan and Mykal Ryan request the refund of the $100 garnishment

23   fee taken from U.S. Bank account x4226.  See Mot. at 3; Reply at 4.  In support, they assert

1  that Mykal "has the legal right to . . . the reimbursement of the garnishment fee ($100.00),"

2  and submit a redacted bank statement showing that on November 4, 2015, a garnishment fee

3  of $100.00 was imposed on U.S. Bank account x4226.  Mykal Ryan Decl. at 13; Reply, Exh. 4 at

4  50; see also Helen Ryan Decl. I at 10.

5         In In re Alpha Telcom, Inc., 2009 WL 2828495 (D. Or. Sept. 1, 2009), Receiver Thomas

6  Lennon ("the Receiver") obtained a money judgment against former Alpha Telcom sales agents

7  and garnished bank accounts of some of the sales agents.  Id. at *1.  The judgment was

8  subsequently reversed on appeal because the Receiver failed to obtain jurisdiction over the sales

9  agents.  Id.  One of the sales agents requested the Receiver to return the funds garnished from

10  his bank account and the bank-imposed fee.  Id.  The court found that the agent was entitled

11  to the return of only the garnished funds, not the bank-imposed fee.  Id.

12         In this case, Helen and Mykal Ryan generally assert that Mykal has a "legal right" to the

13  $100 bank-imposed garnishment fee, but do not cite any specific authority to substantiate the

14  request, and do not challenge U.S. Bank's right to charge service fees for garnishment orders.

15  See Mot; Reply.  The Court agrees with the holding in In re Alpha Telcom, Inc. and finds that

16  the Ryans are not entitled to a refund of the garnishment fee.  In addition, as discussed above

17  and in contrast to the In re Alpha Telcom, Inc. holding, this Court has found that the funds were

18  properly levied and therefore the fee is appropriate.  The Court  therefore **RECOMMENDS** that

19  the request for the refund of the $100 garnishment fee taken from U.S. Bank account x4226 be

20  **DENIED**.  See In re Alpha Telcom, Inc., 2009 WL 2828495, at *1.

21  **III.   Motion to Quash Judgment Creditor's Garnishment Actions**

22         In their "Motion to Quash Garnishment/Execution and Claim Exemption," Helen and Mykal

23  Ryan ask the Court to quash "all Plaintiff[']s garnishment actions against Helen Ryan and Estate

12

of John James Ryan." Mot. at 3; <u>see also</u> Reply at 4.  The Court will address the motion to quash garnishment actions against the Estate of John Ryan and the motion to quash garnishment actions against Helen Ryan separately.

**A. <u>Motion to Quash Judgment Creditor's Garnishment Actions Against the Estate of John James Ryan</u>**

Helen Ryan and Mykal Ryan, as Special Administrator for the Estate of John Ryan, move to quash all Judgment Creditor's actions against the Estate of John Ryan.  <u>See id.</u>  Mykal Ryan claims in the November 3, 2015 claim of exemption he asserted on behalf of the Estate of John Ryan that the "[e]state has no bank accounts and no personal property," and that "Superior Court of California has jurisdiction over [the] estate (case # 37-2012-00152244-PR-LA-CTL)." Mot., Exh. 2 at 3.   Helen and Mykal also state in their joint sworn declaration that "John James Ryan and/or the Estate of John James Ryan have no bank accounts." Mot. at 2.  Contrary to the requirements of California law, the claim of exemption does not identify or describe the property in which an interest is claimed. <u>See</u> CCP §§ 720.130; Mot., Exh. 2 at 3.  Because Mykal has not identified which levied property belonging to the estate he claims is exempt, and because Mykal and Helen both claim that the estate does not have any bank accounts, the Court **RECOMMENDS** that the motion to quash Judgment Creditor's garnishment actions against the Estate of John James Ryan be **DENIED**.

**B. <u>Motion to Quash Judgment Creditor's Garnishment Actions Against Judgment Debtor Helen Ryan</u>**

Judgment Debtor Helen Ryan asks the Court to quash Judgment Creditor's garnishment actions against her. <u>See</u> Mot. at 3; Reply at 4.  As an initial matter, the Court notes that it is unclear what garnishment actions Helen Ryan is attempting to quash. <u>See</u> Reply at 4.  Helen

asserts in her motion that "[a]ll money in [her] bank accounts is exempt, per California and Federal law." Mot. at 2. In support, Helen alleges that she and her deceased husband, John Ryan, had joint bank accounts, which were funded "in their entirety" with "John's retired military pay, veterans affairs disability pay[,] and social security[,] and Helen's public retirement pay, private retirement pay, and social security."[5] Id. On November 3, 2015, Judgment Debtor Helen Ryan filed a claim of exemption for "[p]ersonal property and real property," stating that "[a]ll money used to purchase is exempt per state-federal law," and that she and her deceased husband "received social security public retirement, VA disability and military retirement." Mot., Exh. 2 at 2. In support of her claim of exemption, Helen Ryan cited the following statutory provisions: CCP §§ 704.080, 704.110, 704.115, 704.130, 704.740, 10 U.S.C. §§ 1440 & 1450, 42 U.S.C. § 407, and 38 U.S.C. § 5301. Id.

### 1. Unidentified Assets

Judgment Debtor Helen Ryan claims an exemption for her "[p]ersonal property and real property," but does not identify or describe any assets that she claims to be exempt, other than U.S. Bank account x4226, discussed in detail above, and her Bank of America account ending in 0912 ("Bank of America account x0912").[6] See Mot., Exh. 2 at 2; see also Mot; Reply. As such,

---

[5] Helen Ryan claims that her and her deceased husband's benefits are exempt pursuant to the following provisions: John's and Helen's social security benefits (42 U.S.C. § 407, 10 U.S.C. § 1450 and CCP §§ 704.080(1), (2)(c)); John's and Helen's private retirement pay (CCP § 704.115); John's military retirement pay (10 U.S.C. § 1440); John's veterans affairs disability pay (38 U.S.C. § 5301(a)(1)); and Helen's public retirement pay (CCP § 704.110). Id.

[6] Helen Ryan's motion and accompanying declaration specifically reference only two bank accounts: (1) Bank of America account x0912 and (2) U.S. Bank account x4226. See Mot.; Reply. However, Judgment Creditor states in his opposition that Helen Ryan's "first Claim of Exemption deal[s] with levied upon funds from *JPMorgan Chase Bank* and Bank of America accounts." Oppo. 3 at 1 (emphasis added). The JPMorgan Chase Bank account is not mentioned elsewhere in any of the pleadings, claims of exemption, and declarations filed by either

Helen Ryan does not comply with the California statutory scheme, which requires her to identify or describe the levied property to which she is claiming an exemption, and fails to meet her burden to establish that any of her unidentified assets are exempt.  See CCP §§ 703.520; 703.580(b).  Accordingly, to the extent Judgment Debtor Helen Ryan is moving to quash garnishment actions against unidentified personal and real property, the Court does not find any basis to grant such motion and **RECOMMENDS** that the motion be **DENIED.**

### 2. <u>Funds in the Bank of America Account x0912</u>

Judgment Debtor Helen Ryan appears to be claiming an exemption for the funds in the Bank of America account x0912,[7] because the account was funded by her deceased husband's retired military pay, veteran's affairs disability pay, and social security payments, as well as her public retirement pay, private retirement pay, and social security payments.  See Reply at 2-3; see also Mot. at 2.  Judgment Creditor asserts that Helen's claim fails because she has not provided an adequate accounting and has not established what portion of the levied funds, if any, are from sources that maintain their exempt status after receipt.  See Oppo. 1; Oppo. 3.  Judgment Creditor asserts that some funds, such as social security payments, remain exempt

---

Judgment Debtor or Judgment Creditor.  See Mot; Oppo. 1; Oppo. 2; Oppo. 3; Reply.  Even if such account exists and Helen intended to include it in her claim of exemption, she failed to provide a description of the account, or even mention the account, and thus has failed to meet her burden of establishing an exemption with respect to the account.  See CCP §§ 703.520; 703.580(b).

[7]   Helen states that on October 21, 2015, Judgment Creditor subpoenaed bank account information from Bank of America and that he "obtained [the requested] information" on November 17, 2015.  Helen Ryan Decl. I at 9; Reply, Exh. 2 at 22.  It is not entirely clear from Helen Ryan's pleadings and exhibits whether Judgment Creditor levied the funds from her Bank of America account x0912.  See Mot.; Reply.  However, because Judgment Creditor references "*levied upon funds* from [Judgment Debtor's Helen Ryan's] Bank of America account[]," it appears that the funds were in fact levied.  See Oppo. 3 at 1 (emphasis added).

from levy after receipt, whereas others, such as military retirement pay, do not.  See id. Judgment Creditor argues that Helen has failed to satisfy her burden of proving that all of the levied funds came from exempt sources and retained their exempt status after receipt.  Id.

Under federal law, social security benefits are not "subject to execution, levy, attachment, garnishment or other legal process."  42 U.S.C. § 407(a); see also Gates v. MCT Grp., Inc., 93 F. Supp. 3d 1182, 1186 (S.D. Cal. 2015) (citing Philpott v. Essex County Welfare Bd., 409 U.S. 413, 415-17 (1973) ("The Anti–Attachment Provision of the Social Security Act, 42 U.S.C. § 407(a), prohibits creditors and debt collectors from using legal process to reach Social Security benefits.").  Social security benefits received by the beneficiary and deposited into bank accounts maintain their exempt status under the Social Security Act.   S & S Diversified Servs., L.L.C. v. Taylor, 897 F. Supp. 549, 551 (D. Wyo. 1995).   Furthermore, social security benefits are protected from attachment, levy, and garnishment even if they are commingled with funds from other sources.  See NCNB Fin. Servs., Inc. v. Shumate, 829 F. Supp. 178, 180-81 (W.D. Va. 1993), aff'd, 45 F.3d 427 (4th Cir. 1994) (concluding that "[i]f the recipient of social security benefits commingles the benefits with other funds, he is entitled to protection as to those funds that are reasonably traceable to social security income.").  Additionally, a judgment debtor's social security benefits, which were deposited into a joint account and commingled with other funds, are still considered to be exempt.  S & S Diversified Servs., 897 F. Supp. at 552.

Similarly, veteran benefits are exempt under federal law pursuant to 38 U.S.C. § 5301(a)(1).  Veteran benefits retain their exempt status once deposited into a bank account, but do not retain their exempt status if the benefits are spent on a permanent investment.  See Porter v. Aetna Casualty and Surety Co., 370 U.S. 159, 160-61 (1962) (finding that the funds deposited into a federal savings and loan association were not "permanent investments" and

16

retained their exempt status).  If exempt funds are commingled with non-exempt funds, "the [d]ebtor has the burden of proof to trace the specific funds to the exempt sources."  In re McFarland, 481 B.R. 242, 248, 251 (Bankr. S.D. Ga. 2012).  If the debtor can demonstrate that specific funds in the bank account can be traced to federal veteran benefits, then those funds are exempt pursuant to 38 U.S.C. § 5301(a)(1).  See In re Cook, 406 B.R. 770, 773-74 (Bankr. S.D. Ohio 2009) (finding funds exempt because the funds in the bank account were traced to federal veteran benefits).

Federal retirement benefits also are exempt under CCP § 704.110(d), which provides that "[a]ll amounts received by any person, a resident of the state, as a public retirement benefit or as a return of contributions and interest thereon from the United States or a public entity or from a public retirement system are exempt."  This section exempts United States government pensions.  See In re Dalaimo, 88 B.R. 268, 270 (Bankr. S.D. Cal. 1988) (holding that debtor is entitled to exemption in the funds representing pension payments from the United States government).

Additionally, federal legislation places federal retirement benefits, including military annuities, beyond the grasp of creditors.  See 10 U.S.C. § 1440.  Section 1440 provides that, "[e]xcept as provided in section 1437(c)(3)(B) of this title, no annuity payable under this subchapter is assignable or subject to execution, levy, attachment, garnishment, or other legal process."  Id.

As an exemption claimant, Judgment Debtor Helen Ryan bears the burden of proving entitlement to the claimed exemption.  See CCP § 703.580(b).  Judgment Debtor Helen Ryan does not identify Bank of America account x0912 in either of her two claims of exemption.  See Mot., Exh. 2 at 2; Reply, Exh. 5 at 54.   Furthermore, she does not specify the amount of the

1  levied funds which she claims is exempt.  See id.  As such, Helen does not provide a sufficient

2  description of the property she claims to be exempt and the basic facts to support her claim(s)

3  of exemption, and thus fails to satisfy the third and sixth elements of CCP § 703.520, required

4  to establish a valid claim of exemption.

5      Even if the Court liberally construes Helen's November 3, 2015 claim of exemption to

6  include Bank of America account x0912, the claim fails on its merits.   Helen states in her

7  declaration that she receives "two benefit payments, one from Social Security and the other

8  from the University of California, San Diego retirement," which are directly deposited into Bank

9  of America account x0912, and offers copies of her Bank of America account statements for

10  August–October 2015.   See Helen Ryan Decl. I at 9; Reply at 2; id., Exh. 1.  The attached

11  account statements confirm monthly benefit deposits from "SSA TREAS" and "UCOP UCRS

12  ANNUIT" in Helen Ryan's name;  however, the bank statements are heavily redacted, incomplete

13  (consisting of just some of the pages), and reveal multiple unidentified and redacted deposits

14  and withdrawals from the account.  Reply, Exh. 1.  Additionally, the beginning amounts are

15  redacted so the Court does not know how much money was in the account prior to the

16  documentation.  See id.

17      Helen also asserts that her "current bank account is comprised of the funds from John's

18  past accounts" and that their past joint accounts "were funded with John's retired military pay,

19  veteran's affairs disability pay[,] and social security."  Mot. at 2.  Helen fails to provide any

20  evidence to support this assertion.  Given the fact that John Ryan passed away in April 2012,

21  the bank statements for August–October 2015, are insufficient to establish that all the funds at

22  issue are exempt based on John's income.  See Helen Ryan Decl. I at 9; Reply, Exh. 1.

23

18

1    The submitted bank statements are incomplete, extremely limited in time and recent, and

2    do not establish anything regarding John Ryan's income. <u>See</u> Reply, Exh. 1. In addition, the

3    statements are heavily redacted and do not prove anything other than that monthly electronic

4    deposits are made to the account from "SSA TREAS" and "UCOP UCRS ANNUIT" in Helen Ryan's

5    name. The statements do not establish the source or amount of money in the account prior to

6    any deposits, the amount of the potentially exempt deposits, the source and amount of any

7    other deposits, the amount of funds remaining in the account at the end of the statement period,

8    or the amount of money levied from the account. <u>See</u> <u>id.</u> Consequently, Helen Ryan fails to

9    meet her burden of proof that the funds in the Bank of America account at issue are exempt.

10   <u>See</u> CCP §§ 703.520; 703.580(b). Accordingly, the Court **RECOMMENDS** that Judgment Debtor

11   Helen Ryan's claim of exemption with respect to Bank of America account x0912 be **DENIED.**

12                    **3.   <u>Funds in U.S. Bank Account x4266</u>**

13       As discussed in detail above, Judgment Debtor Helen Ryan repeatedly asserts that all of

14   the money in U.S. Bank account x4266 is exempt because it belongs to non-debtor, Mykal Ryan.

15   Mot. at 2; Reply at 2-4; <u>id.</u>, Exh. 5 at 52, 54; Helen Ryan Decl. I at 9-10; Helen Ran Decl. II. In

16   her initial motion, Helen also asserted generally that all of the money in her bank accounts is

17   exempt because the funds came from exempt sources and belonged to her and/or John Ryan.

18   Mot. at 2. To the extent Helen's argument also applies to U.S. Bank account x4266, and for the

19   reasons set forth in more detail above, the Court finds Helen has not met her burden of proving

20   that the money in the U.S. Bank account belonged to her and came from exempt sources. Helen

21   does not identify the source of the deposits that are not associated with Mykal's social security

22   number, and the heavily redacted statements do not provide any information regarding the

23   amount of any exempt funds, whether the exempt funds retained their status after receipt, the

amount of money in the account prior to the date of the first statement and the source of the money, and the amount of any withdrawals or transfers.  Accordingly, Helen Ryan has not established that the levied funds in U.S. Bank account x4266 belong to her and were all exempt, and the Court therefore **RECOMMENDS** the claim of exemption be **DENIED**.  In light of the above, the Court further **RECOMMENDS** that the motion to quash Judgment Creditor's garnishment actions against Judgment Debtor Helen Ryan be **DENIED**.

### CONCLUSION AND RECOMMENDATION

Based on the forgoing, the Court **RECOMMENDS** that the District Court enter an Order: (1) approving and adopting this Report and Recommendation; (2) denying the movants' requests (a) to release the funds levied from Helen Ryan's U.S. Bank account x4226; (b) to reimburse the $100.00 garnishment fee to Helen Ryan's U.S. Bank account x4226; and (c) to quash Judgment Creditor's garnishment actions against Helen Ryan and the Estate of John James Ryan.

**IT IS HEREBY ORDERED** that any written objections to this Report must be filed with the Court and served on all parties **no later than <u>April 4, 2016</u>**.  The document should be captioned "Objections to Report and Recommendation."

///

///

///

///

///

///

///

1   **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court

2   and served on all parties **no later than <u>April 18, 2016</u>**.  The parties are advised that failure

3   to file objections within the specified time may waive the right to raise those objections on

4   appeal of the Court's order.  <u>See</u> <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998).

5       **IT IS SO ORDERED**.

6

7   Dated:  3/21/2016

8                                               Hon. Barbara L. Major
                                                United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

15cv2537-GPC (BLM)