UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID R. RUBY, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>HELEN E. RYAN and JOHN J. RYAN, JR.,<br><br>Defendant. | Case No.:  15-CV-2537-GPC (BLM)<br><br>**ORDER ADOPTING IN PART REPORT AND RECOMMENDATION DENYING MOTION FOR ORDER DETERMINING CLAIM OF EXEMPTION AND MOTION TO QUASH GARNISHMENT**<br><br>[ECF No. 33.]<br><br>[ECF No. 17.] |

### INTRODUCTION

On August 12, 2013, the United States District Court for the Eastern District of Virginia entered a default judgment in favor of David Ruby ("Plaintiff" or "Judgment Creditor"), Chapter 7 Trustee, in the amount of $34,093.08 against Helen Ryan and John Ryan, Jr. ("Judgment Debtors"), jointly and severally, and in the amount of $318,431.23 against Helen E. Ryan, individually. (ECF No. 1 at 1-2; ECF No. 2 at 1; *see also* ECF No. 27 at 1.) On September 16, 2015, Judgment Debtor registered the judgment in this district and subsequently sought to execute on the judgment. (ECF Nos. 1, 6, 7, 8, 9.) On

November 3, 2015, Helen Ryan and Mykal Ryan, acting as Special Administrator for the Estate of John Ryan ("Mykal Ryan, Special Administrator"), proceeding *pro se*, submitted a claim of exemption. (ECF No. 17-2, Ex. 2 at 2–3.) On November 5, 2015, Helen Ryan and Mykal Ryan, Special Administrator, filed a Motion to Quash Garnishment/Execution and Claim Exemption ("Motion to Quash"). (ECF No. 17.) On March 21, 2016, the Magistrate Judge filed a Report and Recommendation denying relief sought by Judgment Debtors. (ECF No. 33.)

Upon review of the moving papers, the Magistrate Judge's Report and Recommendation, the papers filed in response to the Report and Recommendation, and the applicable law, this Court **ADOPTS** in part the recommendation of the Magistrate Judge and **DENIES** Helen Ryan's claim of exemption, (ECF No. 17-2, Ex. 2 at 3), **DENIES** Mykal Ryan, Special Administrator's, Motion to Quash, and **GRANTS in part** and **DENIES in part** Helen Ryan's Motion to Quash. (ECF No. 17).

## PROCEDURAL HISTORY

### I. Writ of Execution Against Judgment Debtors Helen Ryan and John Ryan

On September 29, 2015, and October 2, 2015, Judgment Creditor requested abstracts of judgment, which the Court subsequently entered against Judgment Debtors. (ECF Nos. 4, 5, 8, 9.) On September 29, 2015, and October 2, 2015, Judgment Creditor filed writs of execution against Judgment Debtor Helen Ryan. (ECF Nos. 3, 7.) On October 28, 2015, Judgment Creditor filed a notice of levy for "[a]ll bank accounts owned by Helen E. Ryan and/or John J. Ryan, Jr." (ECF No. 17-2, Ex. 1 at 2.)

On November 3, 2015, Helen Ryan and Mykal Ryan, Special Administrator, proceeding *pro se*, submitted a claim of exemption. (ECF No. 17-2, Ex. 2 at 2–3.) On November 4, 2015, U.S. Bank levied $99,622.73, as well as a $100.00 garnishment fee, from Helen Ryan's U.S. Bank account ending in 4226 ("U.S. Bank account x4226"). (ECF No. 25; ECF No. 27, Ex. 4 at 50; *see also id.*, Ex. 4, Decl. of Helen Ryan I at 8–10; *id.*, Ex. 5, Decl. of Helen Ryan II at 53.)  On November 5, 2015, Mykal Ryan, Special

Administrator, and Helen Ryan filed a Motion to Quash. (ECF No. 17.) On November 9, 2015, Helen Ryan submitted an amended claim of exemption. (ECF No. 27, Ex. 5.)

On November 16, 2015, Judgment Creditor filed a "Response in Opposition Re: Objection to Claim of Exemption," (ECF No. 21), and on November 17, 2015, a "Response in Opposition Re: Motion to Quash Garnishment/Execution," (ECF No. 23). On November 20, 2015, Judgment Creditor filed a "Memorandum of Points and Authorities in Opposition to Claim of Exemption Re: US Bank Funds." (ECF No. 26.) On November 30, 2015, Helen Ryan filed a "Reply in Response to the Motion to Quash; Opposition to Garnishment of Money from Other than the Judgment Debtor." (ECF No. 27.) On December 4, 2015, a "Memorandum of Garnishee" was filed with this Court, detailing that "no funds were available" in the levied Bank of America account, Helen Ryan's Bank of America account ending in x0912 ("Bank of America account x0912"). (ECF No. 30.) On February 5, 2016, Helen Ryan filed an "Opposition to Garnishment of Money from Other than the Judgment Debtor." (ECF No. 32.)

On March 21, 2016, the Magistrate Judge filed a Report and Recommendation denying relief sought by Judgment Debtors. (ECF No. 33.) The Magistrate Judge recommends that this Court enter an Order: (1) approving and adopting the Report and Recommendation; and (2) denying the movants' requests to (a) release the funds levied from Helen Ryan's U.S. Bank account x4226; (b) reimburse the $100.00 garnishment fee to Helen Ryan's U.S. Bank account x4226; and (c) quash Judgment Creditor's garnishment actions against Helen Ryan and the Estate of John Ryan. (*Id.* at 20.)

On May 27, 2016, now with counsel, Helen Ryan filed an Objection to Report and Recommendation. (ECF No. 38.) Mykal Ryan, Special Administrator, did not file an Objection. In her Objection, Helen Ryan objects to two specific actions: (1) she contends that "allowing [Judgment Creditor] to retain the funds levied from [U.S Bank account] x4226 would improperly allow Judgment Creditor a greater right to the property than Judgment Debtor"; and (2) that "the funds in Helen Ryan's Bank of America [] account x0912 have been and will remain exempt from creditors." (*Id.* at 4–5.)

On that same day, May 27, 2016, Mykal Ryan, now with counsel, filed a Third Party Motion for a Third Party Claim of Exemption ("Third Party Motion") as to funds levied from U.S. Bank account x4226. (ECF No. 39.) Mykal Ryan's Third Party Motion endeavors to correct the deficiencies noted by the Magistrate Judge in Helen Ryan's improper claim of exemption regarding U.S. Bank account x4226.

The Magistrate Judge recommends that this Court deny Judgment Debtor Helen Ryan's claim of exemption regarding U.S. Bank account x4226 because it constitutes an improper third party claim.[1] Helen Ryan asserts that "[a]ll the money deposited" to U.S. Bank account x4226 "belongs to [] Mykal (aka) Michael Ryan," "the judgment is not against Mykal," and "[a]ll the deposits were federal benefits paid to Mykal." (ECF No. 27, Ex. 5 at 54; *see also id.* at 52.)

Because Judgment Debtors concede that Helen Ryan's claim of exemption is improper, demonstrated by Mykal Ryan's filing of a Third Party Claim of Exemption concerning the same account (U.S. Bank account x4226), the Court **ADOPTS** the Magistrate Judge's Report and Recommendation denying Helen Ryan's claim of exemption as to U.S. Bank account x4226 as an improper third party claim of exemption.

## LEGAL STANDARDS

### I. Standard of Review of Magistrate Judge's Order

The district court's role in reviewing a Magistrate Judge's report and recommendation is set forth in 28 U.S.C. section 636(b)(1). Under this statute, the district court shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also United States v.*

---

[1] California law provides disparate procedures for judgment debtors to claim exemption from writs of execution and for innocent third parties, who are not judgment debtors, to assert third party claims of exemption from writs of execution. *Compare* Cal Civ. Proc. Code §§ 703.020, 703.030, 703.520 *with* Cal Civ. Proc. Code §§ 688.030, 720.110, 720.120, 720.130). "There is no statutory authorization for the use of third party claim procedures by named defendants in an action." *Commercial & Farmers Nat'l Bank v. Hetrick*, 64 Cal. App. 3d 158, 165 (1976).

*Remsing*, 874 F.2d 614, 617 (9th Cir. 1989); *United States v. Raddatz*, 447 U.S. 667, 676 (1980). Under this statute, "the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.) (en banc), *cert. denied*, 540 U.S. 900 (2003); *see Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("It does not appear that Congress intended to require district court review of magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

## II.  Legal Standard for Claim of Exemption from Writ of Execution

Under Federal Rule of Civil Procedure 69, a money judgment is enforced by writ of execution. Fed. R. Civ. P. 69(a)(1). "The procedure on execution—and in proceedings supplementary to and in aid of judgment of execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." *Id.* Under California law, a judgment creditor may enforce a money judgment by levying the deposit account of the judgment debtor and his spouse or registered domestic partner. *See* Cal. Civ. Proc. Code §§ 699.710, 700.160.

After a judgment creditor levies a judgment debtor's deposit account, the judgment debtor and his spouse or registered domestic partner may claim the funds levied as exempt from the enforcement of the money judgment. *See* Cal. Civ. Proc. Code §§ 703.010, 703.020, 703.030. "The claim shall be made within 10 days after the date the notice of levy on the property claimed to be exempt was served on the judgment debtor." Cal. Civ. Proc. Code § 703.520(a). The exemption claimant bears the burden to establish the exemption. Cal. Civ. Proc. Code § 703.580(b). A claim of exemption must include the following: (1) the claimant's name and mailing address; (2) the name and last known address of the judgment debtor if the claimant is not the judgment debtor; (3) a description of the property claimed to be exempt; (4) a financial statement if required by

section 703.530;[2] (5) a citation to the provision relied upon for the exemption; and (6) a statement of the facts necessary to support the claim. Cal. Civ. Proc. Code § 703.520. An opposition to a claim of exemption must include: "(a) [a]n allegation either (1) that the property is not exempt under the provision of this chapter or other statute relied upon or (2) that the equity in the property claimed to be exempt is in excess of the amount provided in the applicable exemption"; and "(b) [a] statement of facts necessary to support the allegation." Cal. Civ. Proc. Code § 703.560.

Because exemption laws are (1) designed to facilitate the debtor's financial rehabilitation and (2) intended to shift social welfare costs from the community to judgment creditors, the exemption statutes should be construed, so far as practicable, to the benefit of the judgment debtor. *Ford Motor Credit Co. v. Waters*, 166 Cal. App. 4th Supp. 1, 8 (2008) (citation omitted). However "[e]xemptions are wholly statutory and cannot be enlarged [or diminished] by the courts." *Id.*; *see also Sourcecorp, Inc. v. Shill*, 206 Cal. App. 4th 1054, 1058 (2012). As a general rule, "a judgment or levy reaches only the interest of the debtor in the property because a judgment creditor can acquire no greater right in the property levied upon than that of its judgment debtor." *Regency Outdoor Advert., Inc. v. Carolina Lanes Inc.*, 31 Cal. App. 4th 1323, 1330 (1995); *Oxford St. Prop., LLC v. Rehab. Assoc.*, 206 Cal. App. 4th 296, 308 (2012) ("A security interest attaches only to whatever rights the debtor has in the collateral.").

## DISCUSSION

Judgment Debtor Helen Ryan and Mykal Ryan, Special Administrator, move to quash Judgment Creditor's garnishment actions against Helen Ryan and the Estate of John Ryan. (ECF No. 17 at 3; ECF No. 27 at 4.)

### I. Motion to Quash Judgment Creditor's Garnishment Action Against the Estate of John James Ryan

---

[2] "If property is claimed as exempt pursuant to a provision exempting property to the extent necessary for the support of the judgment debtor and the spouse and dependents of the judgment debtor, the claim of exemption shall include a financial statement." Cal. Civ. Proc. Code § 703.530(a).

On November 5, 2015, in a claim of exemption filed on behalf of the Estate of John Ryan, Mykal Ryan, Special Administrator, states that the "[e]state has no bank accounts and no personal property," and that the "Superior Court of California has jurisdiction over [the] estate ([C]ase [No.] 37-2012-00152244-PR-LA-CTL)." (ECF No. 17, Ex. 2 at 3.) In their joint sworn declaration, Helen Ryan and Mykal Ryan additionally state that "John James Ryan and/or the Estate of John James Ryan have no bank accounts." (ECF No. 17 at 2.)

The Report and Recommendation recommends that this Court deny the motion to quash Judgment Creditor's garnishment actions against the Estate of John Ryan. (ECF No. 33 at 13.) The Report concludes, "[c]ontrary to the requirements of California law, [Helen and Mykal Ryan's] claim of exemption does not identify or describe the property in which an interest is claimed." (ECF No. 33 at 13 (citing Cal. Civ. Proc. Code § 720.130); *see, e.g.*, ECF No. 17-2, Ex. 2 at 3.) Mykal Ryan, Special Administrator, did not file an objection. Due to Mykal Ryan's failure to establish a claim of exemption for the Estate of John James Ryan, as required by California Code of Civil Procedure ("Cal. Civ. Proc. Code") section 703.520, this Court **ADOPTS** the Magistrate Judge's recommendation, and **DENIES** the motion to quash Judgment Creditor's garnishment action against the Estate of John James Ryan.

## II. Motion to Quash Judgment Creditor's Garnishment Action Against Judgment Debtor Helen Ryan

Helen Ryan moves to quash Judgment Creditor's garnishment against her. (*See* ECF No. 17 at 3; ECF No. 27 at 4.) According to the Magistrate Judge, "as an initial matter," it is "unclear what garnishment actions Helen Ryan is attempting to quash. (ECF No. 33 at 13 (citing ECF No. 27 at 4).)[3] While the garnishment actions Helen Ryan is

---

[3] In her November 5, 2015 Motion to Quash, Helen Ryan asserts that "[a]ll money in her bank accounts is exempt, per California and Federal law." (ECF No. 17 at 2.) In support of her claims, Helen Ryan alleges that she and her deceased husband, John Ryan, had joint bank accounts funded "in their entirety" with "John's retired military pay, veterans affairs disability pay[,] and social security[,] and Helen's public retirement pay, private retirement pay, and social security." (*Id.*) On November 3, 2015,

attempting to quash were unclear when the Report and Recommendation was filed, presently, based on her Objection, it is clear that Helen Ryan is attempting to quash any ongoing or future attempts to garnish funds from Bank of America account x0912. (*See* ECF No. 38 at 5.)

In her Objection, Helen Ryan establishes the six requirements for stating a claim of exemption from a writ of execution. *See* Cal. Civ. Proc. Code § 703.520. First, Helen Ryan establishes the claimant's name and mailing address. (*See, e.g.*, ECF No. 38-2, Ex. 1 at 2 (proof of Helen Ryan's University of California retirement pay establishing Judgment Debtor Helen Ryan's name and address).) Second, Helen Ryan, Judgment Debtor in the instant case, establishes both her name and last known address. (*Id.*) Third, Helen Ryan provides a description of the property claimed as exempt from Judgment Creditor. (ECF No. 38 at 5–7 (describing in detail the "exempt" sources of the deposits into Bank of America account x0912).) Fourth, Helen Ryan provides a financial statement as required by section 703.530.[4] (*See* ECF No. 38-2, Exs. 1–5; ECF No. 38-3, Exs. 6–7 (including detailed bank statements for Bank of America account x0912, beginning on May 1, 2013 and ending on April 30, 2016).) Fifth, Helen Ryan cites to the three provisions she relies upon in her claim of exemption: (1) 42 U.S.C. § 407(a) (under federal law, social security benefits are not "subject to execution, levy, attachment, garnishment or other legal processes"); (2) Cal. Civ. Proc. Code section 704.110(d) (providing that amounts received from public entities or public retirement systems are

---

Helen Ryan filed a claim of exemption for "[p]ersonal property and real property," stating that "[a]ll money used to purchase is exempt per state-federal law," and that she and her deceased husband "received social security public retirement, VA disability and military retirement." (*Id.*) In support of her claim of exemption, Helen cites a number of statutory provisions: Cal. Civ. Proc. Code §§ 704.080, 704.110, 704.115, 704.130, 704.740; 10 U.S.C. §§ 1440, 1450; 42 U.S.C. § 407; and 38 U.S.C. § 5301. (*Id.*)

[4] "If property is claimed as exempt pursuant to a provision exempting property to the extent necessary for the support of the judgment debtor and the spouse and dependents of the judgment debtor, the claim of exemption shall include a financial statement." Cal. Civ. Proc. Code § 703.530(a).

exempt); and (3) Cal. Civ. Proc. Code section 704.115(a)(3), (d)[5] (establishing, according to Helen Ryan's Objection, that individual retirement annuities or accounts provided for in the Internal Revenue Code of 1986 are exempt). (ECF No. 38 at 5.) And finally, sixth, Helen Ryan provides a statement of facts necessary to support her claim of exemption. (ECF No. 38-1, Decl. of Helen Ryan in Support of Her Objections.)

In her Objection, Helen Ryan argues that the funds in Bank of America account x0912 are exempt because social security benefits, public retirement benefits paid by a federal source, as well as individual retirement annuities or accounts provided for in the Internal Revenue Code of 1986 are exempt. (ECF No. 38 at 5.) In the exhibits attached to her Objection, Helen Ryan discloses her Social Security Benefit Statements for 2013, 2014, and 2015. (*See* ECF No. 38-2, Exs. 1–5; ECF No. 38-3, Exs. 6–7.) She does not include the 2016 Social Security Benefits Statement because it is not yet available. (ECF No. 38 at 7). Helen Ryan also includes un-redacted bank statements beginning May 2013 and ending April 2016 in her Objection. (ECF No. 38-2, Exs. 1–5; ECF No. 38-3, Exs. 6–7.) These un-redacted monthly statements indicate monthly deposits from Helen Ryan's University of California retirement pay ("UC retirement pay"), social security benefits, and Morgan Stanley dividends.

Exhibits 2–7 contain true and correct copies of Helen Ryan's bank statements for Bank of America account x0912. (*See, e.g.*, ECF No. 38-2, Ex. 2 at 5–9.) The Exhibits trace exempt deposits and statements beginning on May 1, 2013 and ending on April 30, 2016. (ECF No. 38-2, Exs. 2–5; ECF No. 38-3, Exs. 6–7.)[6] Helen Ryan states that from

---

[5] In citing to Cal. Civ. Proc. Code Section 704.1159(a)(3)(d), Helen Ryan cites to a non-existent section of the Code. Likely, Helen Ryan intended to cite to the distinct Sections 704.115(a)(3) and 704.115(d), respectively.

[6] Unlike Exhibits 2 through 7, which contain un-redacted copies of bank statements for Bank of America account x0912 beginning in May 2013, Exhibit 1 contains Helen Ryan's Social Security Benefit Statement for the entirety of 2013, which reflects benefits paid in the amount of $15,091.80. (*See* ECF No. 38-2, Ex. 1 at 3.) Exhibit 1 also contains her UC Retirement Pay Statement for 2013, which amounted to $7,497.39. (*See id.*, Ex. 1 at 2.) For 2013, Exhibit 1 shows that Helen Ryan's exempt benefits totaled $22,589.19. (*See id.*, Ex. 1.)

May 1, 2013 through the year's end, Bank of America account x0912 showed total deposits of $23,297.23. (ECF No. 38 at 6.) She further states that $6,117.11 of these funds are exempt as they came from UC retirement pay, and that $9,195.00 of these funds are exempt as they came from social security. (*Id.*) The remaining $9,064.45 of these deposits were from her Morgan Stanley dividend. (*Id.*) According to Helen Ryan's Objection, the only non-exempt deposits from 2013 would have been the Morgan Stanley dividend. (*Id.*) However, Helen Ryan claims that the Morgan Stanley dividend has been used to pay bills and the $9,064.45 no longer exists. (*See id.* ("Morgan Stanley amounts have been used to pay bills and no longer exist.").) For the years of 2014 and 2015, as well as the first quarter of 2016, the Objection details similar information regarding deposits from exempt and potentially non-exempt sources. (*See id.* at 6–7; *see also* ECF No. 38-2, Exs. 2–5; ECF No. 38-3, Exs. 5–7.)

Social security benefits received by the beneficiary and deposited into bank accounts are exempt. *See* 42 U.S.C. § 407(a); *see also S&S Diversified Servs., L.L.C. v. Taylor*, 897 F. Supp. 549, 551 (D. Wyo. 1995) (citing *Philpott v. Essex Cty. Welfare Bd.*, 409 U.S. 413, 416 (1973)). Judgment Creditor agrees that Social Security payments are exempt. (ECF No. 26 at 4.) Even if social security benefits are commingled with funds from other sources, so long as they are reasonably traceable to social security income, the benefits are protected. *See* 42 U.S.C. § 407(a). Thus, Helen Ryan's social security benefits deposited into Bank of America account x0912 are exempt from levy.

Public retirement benefits paid from a federal source, similar to social security benefits, are also exempt under Cal. Civ. Proc. Code section 704.110(d), which provides that "[a]ll amounts received by any person, a resident of the state, as a public retirement benefit or as a return of contributions and interest thereon from the United States or a public entity or from a public retirement system are exempt." Cal. Civ. Proc. Code § 704.110(d). Helen Ryan's UC retirement pay deposited into Bank of America account x0912 is exempt from levy.

Section 704.115(a)(3) states that "'private retirement plan' means":

      self-employed retirement plans and individual retirement annuities or accounts provided for in the Internal Revenue Code of 1986, as amended, including individual retirement accounts qualified under Section 408 or 408A of that code, to the extent the amounts held in the plans, annuities, or accounts do not exceed the maximum amounts exempt from federal income taxation under that code.

Cal. Civ. Proc. Code § 704.115(a)(3). Cal. Civ. Proc. Code Section 704.115(d) states that "[a]fter payment, the amounts described in subdivision (b) and all contributions and interest thereon returned to any member of a private retirement plan are exempt." Cal. Civ. Proc. Code § 704.115(d).

      Helen Ryan's Objection does not indicate that the monthly deposits from her Morgan Stanley dividend are linked with a private retirement account of the type identified by section 704.115(a)(3) or section 704.115(d). In fact, Helen Ryan even concedes that the Morgan Stanley funds may not be exempt from levy. (ECF No. 38 at 6 ("[T]he only funds which may not be exempt were the Morgan Stanley dividend.").) Helen Ryan has not demonstrated that her Morgan Stanley dividends are exempt.

      In sum, Helen Ryan's Morgan Stanley dividends are the only non-exempt funds that would be subject to levy by Judgment Creditor to satisfy the judgment entered against her, jointly and severally, as well as individually, in the amounts of $34,093.08 and $318,431.23. Therefore the Court **DENIES** Helen Ryan's Motion to Quash the garnishment actions as to the Morgan Stanley dividend. As to Helen Ryan's social security benefits and UC retirement pay, the Court **GRANTS** her Motion to Quash the garnishment action.

## CONCLUSION

      Based on the above, this Court **ADOPTS in part** the Magistrate Judge's Report and Recommendation. Specifically, the Court **DENIES** Helen Ryan's claim of exemption, and **DENIES** Mykal Ryan, Special Administrator's, Motion to Quash Judgment Creditor's garnishment action against the Estate of John Ryan. The Court **GRANTS** Helen Ryan's Motion to Quash Judgment Creditor's garnishment action as to her social security benefits and UC retirement pay, and the Court **DENIES** Helen Ryan's

1 | Motion to Quash Judgment Creditor's garnishment action as to the Morgan Stanley
2 | dividend.
3 |     IT IS SO ORDERED.
4 | Dated:  August 4, 2016

Hon. Gonzalo P. Curiel
United States District Judge