1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| DAVID R. RUBY, Chapter 7 Trustee, | CASE NO. 15cv2537-GPC(BLM) |
| Plaintiff, | **ORDER ADOPTING REPORT AND RECOMMENDATION GRANTING MYKAL RYAN'S MOTION FOR THIRD PARTY CLAIM OF EXEMPTION** |
| v. | |
| HELEN E. RYAN and JOHN J. RYAN, JR., | |
| Defendants. | [Dkt. No. 39.] |

11
12
13
14
15
16
17

Before the Court is Mykal Ryan's ("M. Ryan") motion for third party claim of exemption. (Dkt. No. 39.) On June 13, 2016, David Ruby, Chapter 7 Trustee opposed the motion, (Dkt. No. 44), and on June 20, 2016, M. Ryan filed a reply in support of his motion. (Dkt. No. 48.) On January 17, 2017, the Magistrate Judge filed a report and recommendation recommending that M. Ryan's motion for third party claim of exemption be granted and his request for refund of the garnishment fee be denied. (Dkt. No. 52.) No objections were filed. After a review of the briefs, supporting documentation and the applicable law, the Court ADOPTS the report and recommendation granting M. Ryan's motion for third party claim of exemption and denying his request for a refund of the $100 garnishment fee.

18
19
20
21
22
23
24
25
26

**Background**

27

On August 12, 2013, the United States District Court for the Eastern District of

28

Virginia entered a default judgment in favor of David Ruby ("Judgment Creditor"),

- 1 -

[15cv2537-GPC(BLM)]

Chapter 7 Trustee, in the amount of $34,093.08 against Helen Ryan and John Ryan, Jr. ("Judgment Debtors"), jointly and severally, and in the amount of $318,431.23 against Helen E. Ryan, individually. (Dkt. No. 1 at 1-2; Dkt. No. 2 at 1.) On September 16, 2015, Judgment Debtor registered the judgment in this district and subsequently sought to execute on the judgment. (Dkt. Nos. 1, 4-9.)

On October 28, 2015, Judgment Creditor filed a notice of levy for "[a]ll bank accounts owned by Helen E. Ryan and/or John J. Ryan, Jr." (Dkt. No. 17-1, Ex. 1 at 2.) On November 4, 2015, U.S. Bank levied $99,622.73, and an additional $100.00 as a garnishment fee, from the U.S. Bank account ending in 4226 ("U.S. Bank account x4226") held in the name of Helen Ryan. (Dkt. No. 25; Dkt. No. 39-5, Ex. 15.)

On November 5, 2015, Helen Ryan challenged the validity of the levy, claiming the funds in U.S. Bank account x4226 belonged to her son, M. Ryan. (See Dkt. No. 17.) After this Court issued a Report and Recommendation on Helen Ryan's motion to quash garnishment, filed on March 21, 2016, concluding that Helen Ryan could not assert a third-party claim for M. Ryan, he filed a third-party claim of exemption alleging that "all the money deposited to Helen E. Ryan's U.S. Bank Account (x4226) belong[s] to [him]" on May 27, 2016. (Dkt. No. 39.) On June 13, 2016, Judgment Creditor opposed the motion, (Dkt. No. 44), and on June 20, 2016, M. Ryan filed a reply in support of his motion, (Dkt. No. 48).

On January 17, 2017, the Magistrate Judge recommended that M. Ryan's motion for third party claim of exemption be granted and his request for a refund of the $100 garnishment fee be denied. (Dkt. No. 52.) Neither party has filed an objection.

**Discussion**

**A.    Standard of Review of Magistrate Judge's Order**

The district court's role in reviewing a Magistrate Judge's report and recommendation is set forth in 28 U.S.C. § 636(b)(1). Under this statute, the district court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings

1  or recommendations made by the magistrate judge." Id.; see also Fed. R. Civ. P. 72(b);

2  United States v. Remsing, 874 F.2d 614, 617 (9th Cir. 1989); United States v. Raddatz,

3  447 U.S. 667, 676 (1980).  Under this statute, "the district judge must review the

4  magistrate judge's findings and recommendations de novo if objection is made, but not

5  otherwise."  United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir.) (en banc),

6  cert. denied, 540 U.S. 900 (2003); see Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It

7  does not appear that Congress intended to require district court review of magistrate's

8  factual or legal conclusions, under a de novo or any other standard, when neither party

9  objects to those findings.").  "[W]hile the statute does not require the judge to review

10 an issue de novo if no objections are filed, it does not preclude further review by the

11 district judge, sua sponte or at the request of a party, under a de novo or any other

12 standard." Thomas, 474 U.S. at 154.  The Advisory Committee Notes of Federal Rule

13 of Civil Procedure 72(b) provides that "[w]hen no timely objection is filed, the court

14 need only satisfy itself that there is no clear error on the face of the record in order to

15 accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee note.

16 **B.    Legal Standard on Third Party Claim of Exemption**

17      California Code of Civil Procedure provides a procedure for third parties, who

18 are not judgment debtors or creditors, to make claims of exemption for property levied

19 by a writ of execution.  See Cal. Civ. Proc. Code §§ 688.030, 720.110.  A third party

20 who claims ownership of levied property must file a claim with "the state department

21 or agency that issued the notice of levy."  Id. § 688.030(b)(1).  The third-party claim

22 must be executed under oath and must contain the following information:

23      (1) The name of the third person and an address in this state where service by mail may be made on the third person.
24      (2) A description of the property in which an interest is claimed.
25      (3) A description of the interest claimed, including a statement of the facts upon which the claim is based.
       (4) An estimate of the market value of the interest claimed.
26

27 Cal. Civ. Proc. Code § 720.130(a).  In addition, "[a] copy of any writing upon which

28 the claim is based shall be attached to the third-party claim."  Id. § 720.130(b).

After filing a claim with the levying officer, the third-party or the creditor may petition the court for a hearing to determine the "validity of the third-party claim and the proper disposition of the property that is the subject of the claim." Id. § 720.310(a). At the hearing, the third party has the burden of proof. Id. § 720.360. After the third party claimant presents evidence that it owns the property in question, the burden of proof shifts to the judgment creditor to establish that the judgment creditor's claim is superior. Oxford Street Props., LLC v. Rehab. Assoc., LLC, 206 Cal. App. 4th 296, 307 (2012) (citation omitted). As a general rule, "a judgment or levy reaches only the interest of the debtor in the property because a judgment creditor can acquire no greater right in the property levied upon than that of its judgment debtor." Regency Outdoor Advertising, Inc. v. Carolina Lanes, Inc., 31 Cal. App. 4th 1323, 1330 (1995); see also Oxford St. Props., 206 Cal. App. 4th at 308 ("A security interest attaches only to whatever rights the debtor has in the collateral.").

Social Security benefits are not subject to "execution, levy, attachment, garnishment, or other legal process." 42 U.S.C. § 407(a). Veteran benefits are also exempt from levy. 38 U.S.C. § 5301(a)(1) (veteran's benefits "shall be exempt from the claim of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary.").

## C.    Analysis of Third Party Claim of Exemption

M. Ryan claims the levied U.S. Bank account x4226 funds are exempt because he is not the judgment debtor and all of the funds in the account belong to him. He acknowledges that the account was opened by and held in the name of his mother, Judgment Debtor Helen Ryan, but claims that he directed his mother to open a bank account in her name due to the possibility that his symptoms associated with his Post Traumatic Stress Disorder ("PTSD") diagnosis would render him incapacitated. (Dkt. No. 39-1, M. Ryan Decl. ¶¶ 3, 5, 6.) He maintains that the funds in the account are exempt from levy because they were his social security disability benefits, veteran's

[15cv2537-GPC(BLM)]

disability and education benefits, and his civilian federal retirement benefits. (Id. ¶ 1.)

Judgment Creditor argues in his opposition that the funds in U.S. Bank account x4226 are not M. Ryan's property and are not exempt from levy. He argues that the funds at issue placed in Helen Ryan's name is part of an ongoing conspiracy to avoid creditors that prior courts have found. Furthermore, Judgment Creditor contends that M. Ryan is judicially estopped from claiming ownership of the funds in the account because M. Ryan failed to claim the account in his bankruptcy schedules during his bankruptcy proceeding. In his reply, M. Ryan reiterates that the funds in U.S. Bank account x4226 belong to him and are exempt because they are his social security, veterans', and military retirement benefits. M. Ryan further argues that any alleged misconduct cannot be considered when deciding his exemption claim. Moreover, placement of the funds in a bank account opened in his mother's name did not divest the funds of their exempt status because social security and veterans' benefits are exempt regardless of where such funds are deposited.

The Magistrate Judge concluded, and Judgment Creditor does not dispute, that M. Ryan's third party claim of exemption form was properly submitted pursuant to the California Code of Civil Procedure. The Court agrees that M. Ryan complied with the procedure outlined in California Civil Procedure Code section 720.130(a).

In addition, Magistrate Judge found that the supporting bank records and documents from federal agencies demonstrate that over $171,159.00 were deposited into the x4226 U.S. Bank account as M. Ryan's social security and veteran's benefit payments. (Dkt. No. 52 at 8.) As such, the Magistrate Judge concluded that M. Ryan presented evidence that he owns the levied funds in the x4226 account and found that the withdrawals from the bank account were made for M. Ryan's benefit. (Id. at 9 & n.4.) Judgment Creditor does not dispute that the funds in the account are payments from M. Ryan's social security and veteran's benefit.

Next, the burden shifts to the Judgement Creditor to establish that M. Ryan's claim is invalid or that his claim is superior. The Magistrate Judge concluded that

Judgment Creditor did not meet his burden.  Judgment Creditor claims that M. Ryan is dishonest and should not be trusted as found by other courts, and M. Ryan should be judicially estopped from claiming ownership of the funds in U.S. Bank account x4226. Judgment Creditor argues that when M. Ryan filed for bankruptcy on July 16, 2008, six months after the x4226 account was opened, his bankruptcy schedules indicated he had no checking, savings or other financial accounts indicating that the account was not his.  Therefore, M. Ryan cannot now claim that the x4226 account belongs to him.

"Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position."  Hamilton v. State Farm Fire & Casualty Co., 270 F.3d 778, 782 (9th Cir. 2001).  After conducting a thorough analysis on judicial estoppel, the Magistrate Judge properly concluded that the judgment creditor has not established the applicability of judicial estoppel as M. Ryan "was not successful in his bankruptcy petition" so there is no risk of inconsistent court orders "and his mental limitations undermine the appropriateness of the doctrine."  (Dkt. No. 52 at 17.)

Judgment Creditor also provides evidence that other courts have found M. Ryan and his mother, Helen Ryan, to be dishonest and this court has even found M. Ryan to be a vexatious litigant, (Case No. 11cv685-JAH(KSC), Dkt. No. 39; see also Case No. 11cv482/11cv645/11cv686/11cv1754/13cv312-JAH(KSC);  Case  No.  12cv1489-MMA-BLM, Dkt. No. 126).  However, Judgment Creditor has not demonstrated, in this case, that M. Ryan and the judgment debtor, Helen Ryan, were engaged in a conspiracy to defraud concerning the x4226 account.

Accordingly, the Court ADOPTS the report and recommendation that M. Ryan's motion for third party claim of exemption be GRANTED.

/ / / /

/ / / /

/ / / /

/ / / /

**D.     Garnishment Fee of $100**

Next, M. Ryan[1] seeks a refund of the $100 garnishment fee that his account was subject to upon garnishment.  The Magistrate Judge denied his request because he provided no legal authority to support his request.  M. Ryan has not filed an objection providing any legal authority for his request.  Accordingly, the Court ADOPTS the report and recommendation that M. Ryan's request for a refund of the $100 garnishment fee be DENIED.

**Conclusion**

Based on the above, the Court ADOPTS in full the Report and Recommendation of the Magistrate Judge and GRANTS M. Ryan's motion for third party claim of exemption as to U.S. Bank Account x4226, and DENIES M. Ryan's request for a refund of the $100 garnishment fee.

IT IS SO ORDERED.

DATED:  February 15, 2017

HON. GONZALO P. CURIEL
United States District Judge

---

[1]It is not clear whether M. Ryan sought a refund of the $100 garnishment fee. The moving and reply briefs do not seek a refund but in a declaration, M. Ryan states he seeks a refund.  (Dkt. No. 39-1, M. Ryan Decl. ¶ 1.)